United States District Court
Southern District of Texas

**ENTERED**

July 26, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES-THOMAS ENGLISH,** | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | **CIVIL ACTION NO. 4:24-cv-00282** |
| | § | |
| **UNITED STATES OF AMERICA,** *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## <u>ORDER</u>

James-Thomas English, a *pro se* plaintiff, filed this lawsuit against Defendants United States of America, the State of Texas, Prosecutor Asad Gaddi, Fort Bend County Jail, Fort Bend Sheriff Office, and JP Court (collectively, "Defendants").

On July 23, 2024, the Court held a telephonic hearing on Motions to Dismiss Plaintiff's First Amended Complaint ("FAC") filed by Gaddi and Fort Bend County Jail. ECF Nos. 22, 23. The Court took the motions under advisement. Also pending are Plaintiff's Motions to Amend Complaint, ECF Nos. 26, 27, and a Motion to Strike Plaintiff's Second Amended Complaint ("SAC") filed by Gaddi and Fort Bend County Jail, ECF No. 35.

For the reasons explained below, the Court (1) **GRANTS** Gaddi and Fort Bend County Jail's Motions to Dismiss, (2) **DENIES** Plaintiff's Motions to Amend Complaint, (3) **GRANTS** Gaddi and Fort Bend County Jail's Motion to Strike Plaintiff's SAC, (4) **DISMISSES** this entire lawsuit *sua sponte* without prejudice, and (5) **DISMISSES** all other pending motions without prejudice as moot.

## I.      BACKGROUND

Plaintiff brings this lawsuit "to address a series of egregious violations of rights and a false

arrest incident that occurred in Fort Bend County, Texas." ECF No. 18 at 2. Plaintiff, referring to himself as King Semaj of the English Estate, alleges he was "arrested for purportedly traveling with a fictitious license plate" and that the arrest was allegedly "conducted under the incorrect identify of James Thomas English." *Id.* at 2-3. He alleges "multiple violations of rights, including unlawful arrest, false imprisonment, assault, unauthorized searches, and more." *Id.* at 3.

During a hearing in April 2024, the Court dismissed without prejudice Plaintiff's Original Complaint for failure to state non-frivolous claims for relief. *See* Minute Entry dated 4/16/2024. The Court afforded Plaintiff an opportunity to replead his claims. Accordingly, Plaintiff filed a FAC, ECF No. 18, which Gaddi and Fort Bend County Jail independently moved to dismiss, ECF Nos. 22, 23.

## II.    STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the court must accept well-pleaded facts as

true, legal conclusions are not entitled to the same assumption of truth. *Id.* The Court "holds pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

### III.   ANALYSIS

The Court begins by noting that Plaintiff has filed several cases in the Southern District of Texas. In many of them, including the instant case, Plaintiff refers to himself as "King Semaj of the English Estate." *See* ECF No. 18 at 1. Plaintiff seems to argue that he is a sovereign citizen and, therefore, the application of the law to him violates his rights. Courts have overwhelmingly rejected sovereign citizen theories, including in other cases involving this same Plaintiff. *See, e.g.*, *English v. United States Of America et al*, No. 4:24-cv-00286, ECF No. 25 at 7 ("English's causes of action are rooted in sovereign citizen theories and are mostly conclusory and incoherent."); *see also Ellis v. City of White Settlement*, No. 4:22-CV-1028-P, 2023 WL 6563413, at *4 (N.D. Tex. Sept. 5, 2023) (internal citation and quotation marks omitted) ("Ellis cannot claim to be independent of governmental authority while simultaneously asking the judicial system to grant him recourse. Sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and meritless."), *report and recommendation adopted*, No. 4:22-CV-1028-P, 2023 WL 6260011 (N.D. Tex. Sept. 26, 2023), *aff'd*, No. 23-10996, 2024 WL 2239596 (5th Cir. May 17, 2024).

### A.  Motions to Dismiss by Gaddi and Fort Bend County Jail

In their respective Motions to Dismiss pursuant to Rule 12(b)(6), Gaddi and Fort Bend County Jail argue that Plaintiff's FAC fails to state a claim upon which relief can be granted.[1]

---

[1] Plaintiff did not file response briefs addressing the Motions to Dismiss directly. Per this District's

Gaddi argues that Plaintiff's FAC does not overcome his absolute prosecutorial immunity. ECF No. 22. District Attorneys are protected by absolute immunity from suit and civil liability for actions taken within their prosecutorial functions, including "actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *see also Miller v. Curry*, 625 S.W.2d 84, 86 (Tex. App. 1981) ([E]ven if there was a cause of action alleged in appellant's amended petition under 42 U.S.C. § 1983, for violation of civil rights, it would fail . . . [because] state prosecutors are absolutely immune from civil liability for damages under 42 U.S.C. § 1983 for the initiation and prosecution of criminal cases."). As Gaddi notes, "Gaddi is protected by absolute immunity because his only connection to English was through a case that was prosecuted by Gaddi." ECF No. 22 at 5. Plaintiff's FAC fails to identify any act committed by Gaddi that falls outside of his scope of duty as a prosecutor. Thus, Plaintiff's claims against Gaddi are barred by absolute prosecutorial immunity and should be dismissed.

Fort Bend County Jail argues that (1) Plaintiff fails to state a plausible *Monell* claim against it, and (2) it is a *non sui juris* division of Fort Bend County and, therefore, is not a jural entity that can be sued. ECF No. 23. Without analyzing the merits of the first argument, the Court finds that Fort Bend County Jail's motion succeeds on its second argument alone. Indeed, Plaintiff has failed to show that Fort Bend County Jail has a jural existence. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting 1991 version of Fed. R. Civ. P. 17(b), restyled in 2007). To sue a city or county department, "it must enjoy a separate legal existence." *Id.* (internal quotation marks omitted). Here, "[i]t does not appear that, as departments

---

Local Rules, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R.7.4. In any event, the Court finds that the Motions to Dismiss are well-supported by the record and applicable law.

of local government entities, . . . the Fort Bend County Jail . . . enjoys the requisite 'separate legal existence' to be subject to suit." *Bell v. Fort Bend Cnty. Jail*, No. CIV A H-09-1745, 2009 WL 2407965, at *2 (S.D. Tex. July 29, 2009). Plaintiff "has failed to show that the [Fort Bend County] ever granted its [County Jail] the capacity to engage in separate litigation. His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes." *Id.* at 314.

For the foregoing reasons, the Court **GRANTS** Gaddi and Fort Bend County Jail's Motions to Dismiss and **DISMISSES** with prejudice all claims against these two Defendants.

### B. Motions for Leave to Amend and Motion to Strike

Plaintiff filed two motions seeking leave from the Court to file a SAC. *See* ECF Nos. 26, 27.[2] However, before the Court ruled on those motions, Plaintiff filed a SAC on June 6. *See* ECF No. 30. Gaddi and Fort Bend County Jail moved to strike Plaintiff's SAC as procedurally improper. ECF No. 35.

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, Plaintiff was entitled to amend his complaint once as a matter of right within the time limit prescribed by the Rules. *See* Fed. R. Civ. P. 15(a)(1)(B). That time limit has lapsed. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Gaddi and Fort Bend County Jail do not consent to Plaintiff's amendment, and the Court did not grant Plaintiff leave to file a SAC. Accordingly, the Court **GRANTS** Defendants' Motion (ECF No. 25) and **STRIKES** Plaintiff's Second Amended Complaint.

The Court next considers whether it should grant Plaintiff's Motion to Amend. ECF No.

---

[2] ECF No. 27, though filed in the instant case as a Motion to Amend, appears to pertain to a different lawsuit. The Court assumes that it was filed in error and denies it accordingly.

26. Plaintiff claims that he seeks to file a SAC to add newly discovered evidence of an alleged "fraudulent establishment of a trust in [his] name, orchestrated by Prosecutor Asad Gaddi and the Fort Bend Sherriff." ECF No. 26 at 1. Plaintiff contends that the new evidence bolsters his original "defense" to his "unjust[] arrest:" namely, that "as private inhabitant, [he is] not subject to certain laws that pertain to U.S. citizens. Arresting [him] without committing a crime is not only a violation of [his] rights but constitutes fraud." *Id.* The Court finds that Plaintiff's new "evidence" of fraud and related allegations are frivolous, as they lack any arguable basis in law or fact. As another district court has summarized:

> An action is frivolous if it lacks an arguable basis in either law or fact. A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. A claim is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.

*Lopez v. Biden*, No. 2:23-CV-00230, 2023 WL 8832841, at *1 (S.D. Tex. Sept. 19, 2023) (internal citations and quotation marks omitted), *report and recommendation adopted*, No. 2:23-CV-00230, 2023 WL 8830747 (S.D. Tex. Dec. 19, 2023).

The Court has already once afforded Plaintiff an opportunity to amend his pleadings and overcome the deficiencies in his complaint. Rule 15 instructs courts to allow a plaintiff to amend his complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "once the plaintiff has had a 'fair opportunity to make his case,' additional pleadings are futile and wasteful." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1155 (5th Cir. 2021) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Here, the Court finds that granting Plaintiff leave to file a SAC would be futile because "any amended complaint would still be based on a frivolous sovereign citizen variety claim which . . . is a critical defect that he cannot cure[ ] through an amendment to the complaint." *Vassar-E v. Louisiana*, No. CV 20-090, 2020 WL 2520718, at *3 (E.D. La. May 18, 2020) (internal quotation marks omitted). For these reasons,

the Court **DENIES** Plaintiff's request for leave to file a SAC.

### C. *Sua sponte* Dismissal

Thus far, only Gaddi and Fort Bend County Jail have made appearances and responded to this lawsuit. Although the Court dismisses Plaintiff's claims against these two Defendants, Plaintiff's claims remain against the other named Defendants: United States of America, State of Texas, Fort Bend Sherriff Office, and Justice of the Peace Court.[3]

In the Fifth Circuit, "[a]s a general rule, a district court may dismiss a complaint on its own for failure to state a claim." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). "[T]he district court can only dismiss an action on its own motion 'as long as the procedure employed is fair.'" *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998)). While the Fifth Circuit has not adopted a bright line rule, generally, "fairness in this context requires 'both notice of the court's intention and an opportunity to respond.'" *Id.* (quoting *Bazrowx*, 136 F.3d at 1054). However, "[e]ven if the district court failed to provide notice to the plaintiff prior to dismissal, [the Fifth Circuit] still may affirm if the plaintiff has alleged its 'best case' and the dismissal was otherwise proper." *Real Est. Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 352 (5th Cir. 2011). "At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

---

[3] The United States of America has not been served. Plaintiff filed this lawsuit in January 2024. Federal Rule of Civil Procedure 4(m) mandates dismissal of a defendant for failure to serve within 90 days absent good cause. *See* Fed. R. Civ. P. 4(m). The Court also notes that, unless the state of Texas has waived its immunity, "[t]he Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts." *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *see also id.* at 281 (internal quotation marks omitted) ("Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.).

During the April 2024 hearing, the Court put Plaintiff on notice that his complaint was deficient and gave him an opportunity to amend. Plaintiff's FAC largely reiterates the same allegations and, therefore, fares no better than his Original Complaint. Plaintiff's proposed SAC, outlined in his Motions to Amend and during the July 23 hearing, similarly does not allege viable claims. Plaintiff has had the opportunity to allege his best case, and, as noted above, further amendments would not change the outcome. Having extensively considered Plaintiff's FAC, the applicable law, and the parties' arguments during the July 23 hearing, the Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** this lawsuit in its entirety.

## IV.   CONCLUSION

The Court (1) **GRANTS** Gaddi and Fort Bend County Jail's Motions to Dismiss, ECF Nos. 22, 23, (2) **DENIES** Plaintiff's Motions to Amend Complaint, ECF Nos. 26, 27, (3) **GRANTS** Gaddi and Fort Bend County Jail's Motion to Strike Plaintiff's SAC, ECF No. 35, (4) **DISMISSES** this entire lawsuit *sua sponte* without prejudice, and (5) **DISMISSES** all other pending motions without prejudice as moot.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 26th day of July, 2024.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE